**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Order Filed on March 27, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In Re:<br><br>**DANIEL RISIS,**<br><br>                    Debtor. | Case No.:   24-22714<br>Chapter:    11<br>Judge:      John K. Sherwood |

**DECISION AND ORDER RE:**
**MOTION FOR RELIEF FROM STAY OF BRYAN LUSTIG, et al.**

The relief on the following pages, numbered two (2) through five (5), is hereby ORDERED.

**DATED: March 27, 2025**

Honorable John K. Sherwood
United States Bankruptcy Court

Debtor: Daniel Risis
Case No.: 24-22714
Caption: **DECISION AND ORDER RE: MOTION FOR RELIEF FROM THE STAY OF BRYAN LUSTIG, et al.**

# INTRODUCTION

This matter is before the Court on the Motion of Bryan Lustig, Donald R. Skelton, Joel D. Padilla, Jonathan Zusman, Michael Mucci, Harris Palmer, Daniel Negron, Zachary Haynes, Peter Landusco, Joseph E. Tanner, Sr., Stacy Pinckney, Jayson Michel, David Riera, Justin R. Paraboschi, Marco L. Rodriguez, Edwin Ventura, Jesse Leibowitz, and Jonathan Carnaval (collectively, "Movants") [ECF No. 31], for relief from the automatic stay to resume prosecution of civil actions filed against Daniel M. Risis ("Debtor") and others prior to Debtor's Chapter 11 petition for relief. Specifically, the Movants have alleged claims in the United States District Court for the District of New Jersey, in the civil actions entitled *Bryan Lustig, et al. v. Daniel Markus, Inc. (d/b/a Perfect Pawn), Daniel Risis, Margarita Risis, and Oleg Neizvestny*, bearing Case No. 2:20-cv-00379-WJM-SDA (the "FLSA Action"), and *Bryan Lustig v. Daniel Risis*, Case No. 2:22-cv-00161-WJM-SDA (the "Retaliation Action," and together with the FLSA Action, the "District Court Actions").

The FLSA Action is a lawsuit brought by several former employees of Daniel Markus, Inc. (d/b/a Perfect Pawn) against the company, the Debtor, and three other defendants for violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and the New Jersey Wage and Hour Law, N.J.S.A. §34:11-56(a), et seq. The Retaliation Action is a lawsuit brought by Bryan Lustig against the Debtor under the Fair Labor Standards Act based on the Debtor's alleged retaliatory conduct and defamation toward Bryan Lustig. On November 7, 2024, the Movants filed a Motion for Summary Judgment against the Debtor, and Debtor did not file a responsive pleading. The Debtor filed his petition under Chapter 11 of the United States Bankruptcy Code on December 30, 2024.

Page 3
Debtor:     Daniel Risis
Case No.:   24-22714
Caption:    **DECISION AND ORDER RE: MOTION FOR RELIEF FROM THE STAY OF BRYAN LUSTIG, et al.**

---

As a consequence of Debtor's bankruptcy filing, the District Court entered an Order staying the District Court Actions as to all Defendants pursuant to 11 U.S.C. § 362(a) on January 14, 2025.

The Movants filed this Motion for stay relief on January 30, 2025, seeking to lift the stay to complete the District Court Actions. The Debtor failed to file a timely written response to the stay relief motion. The Court took the matter on reserve at the hearing and extended the Debtor's response deadline to March 11, 2025 in light of Debtor's *pro se* status. Thereafter, Debtor docketed multiple pleadings[1] including [ECF No. 43] requesting an additional 3-week extension of his pleading deadlines as well as admission of certain YouTube videos. Debtor's request for a further extension of the response deadline is denied. The Court is aware of the Debtor's arguments that he did not own the company Daniel Markus, Inc., that he does not owe a debt to the Movants, and that the Movants have an undisclosed settlement with the remaining Defendants. Counsel for the Movants conceded that such a settlement was anticipated at the hearing conducted in this matter. The terms of the anticipated settlement have not been disclosed to this Court or to the Debtor.

## **ANALYSIS**

This case presents the classic scenario for which the automatic stay of 11 U.S.C. § 362(a) applies because the Debtor is a defendant in a pending action where the Movants seek to recover money damages against him. The stay prohibits the continuation of the District Court Actions to provide the Debtor with a "breathing spell" so that he can reorganize his financial affairs. *In re Maritime Elec. Co., v. United Jersey Bank,* 959 F.2d 1194, 1204 (3d Cir. 1991). A requesting party

---

[1] Since the 2/25/2025 hearing on this matter, the Debtor had docketed numerous pro se documents styled as motions, letters and affidavits, including, the materials docketed as ECF Nos. 42, 43, 45, 46 and 52. He has also created YouTube videos posted to the internet relating to various outstanding issues in this case.

Page 4
Debtor: Daniel Risis
Case No.: 24-22714
Caption: **DECISION AND ORDER RE: MOTION FOR RELIEF FROM THE STAY OF BRYAN LUSTIG, et al.**

may be entitled to stay relief upon a showing of "cause." *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997). Cause is broadly defined, and the Court has wide discretion "to consider what constitutes cause based upon the totality of the circumstances in each particular case." *Id*. (citing *In re Trident Assocs.*, 52 F.3d 127 (6th Cir.1995)). The decision to grant stay relief to permit litigation involving a bankruptcy debtor to continue elsewhere is subject to a 12-factor analysis described in *In re Mid-Atlantic Handling Sys., LLC*, 304 B.R. 111, 130 (Bankr. D.N.J. 2003):

> 1. whether relief would result in partial or complete resolution of the issues; 2. lack of connection or interference with the bankruptcy case; 3. whether the other proceeding involves the Debtor as a fiduciary; 4. whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; 5. whether Debtor's insurer has assumed full responsibility to defend it; 6. whether the action primarily involves third parties; 7. whether litigation in another forum would prejudice the interests of other creditors; 8. whether the judgment claim arising from the other action is subject to equitable subordination; 9. whether the moving party's success in other proceeding would lead to a judicial lien avoidable by the Debtor; 10. the interests of judicial economy and the expeditious and economical resolution of litigation; 11. whether the parties are ready for trial in the other proceeding; and, 12. the impact of the stay on the parties and the balance of the harms.

*See also In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2nd Cir. 1990). The Court has the discretion to rely upon any combination of these factors to decide whether to lift the automatic stay. *Mid-Atlantic*, 304 B.R. at 130 (citing *In re Ice Cream Liquidation, Inc.*, 281 B.R. 154, 165 (Bankr. D. Conn. 2002)).

As previously noted, the Debtor's petition for relief was recently filed on December 30, 2024. Movants' motion was filed relatively early in this Chapter 11 proceeding. The Debtor has not yet filed a complete statement of financial affairs, schedules of assets and liabilities, or creditor lists, and he has not yet proposed a plan of reorganization. The Court must consider whether the

Case 24-22714-JKS    Doc 59    Filed 03/27/25    Entered 03/27/25 12:18:18    Desc Main
Document    Page 5 of 5

Page 5
Debtor:     Daniel Risis
Case No.:   24-22714
Caption:    **DECISION AND ORDER RE: MOTION FOR RELIEF FROM THE STAY OF BRYAN LUSTIG, et al.**

*pro se* Debtor should be forced to defend the District Court Actions at the same time as he is managing this Chapter 11 reorganization.

Considering the factors above, the District Court Actions primarily relate to the Debtor given that Movants have apparently settled with all of the other Defendants. No party has shown that an insurer will defend the Debtor. The Debtor's time and resources expended in defense of the District Court Action may adversely impact his other creditors. Finally, the harm to the Debtor's estate outweighs the harm to the Movants because the Movants are a participating creditor in Debtor's bankruptcy and have already asserted a general unsecured claim in the amount of $2,000,855.[2] [Claim No. 6-1]. There is no urgent need at this time to establish whether or not this claim is valid. The Debtor should have more time to see if he can develop a Chapter 11 plan before he has to turn his attention to defending the Movants' claims.

**THEREFORE, IT IS ORDERED:**

For the reasons outlined above, the Movants' request for stay relief as to the Debtor is denied without prejudice to Movants' right to request stay relief in the future.

Furthermore, the District Court Actions are not stayed as to the remaining defendants. Movants may memorialize their settlements achieved with the other defendants in the District Court Actions. The 14-day stay imposed by Fed. R. Bankr. P. 4001(a)(3) is hereby waived as to this limited relief.

---

[2] The Movants are reminded of their ongoing duty as creditors to amend Claim 6-1 should any monetary recovery be realized that reduces the sums due.