**Order Filed on March 27, 2025**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:

**DANIEL RISIS,**

                              Debtor.

| | |
|---|---|
| Case No.: | 24-22714 |
| Chapter: | 11 |
| Judge: | John K. Sherwood |

### DECISION AND ORDER RE:
### MOTION FOR RELIEF FROM STAY OF PB FINANCING, LLC

The relief on the following pages, numbered two (2) through seven (7), is hereby

ORDERED.

**DATED: March 27, 2025**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

| | |
|---|---|
| Debtor: | Daniel Risis |
| Case No.: | 24-22714 |
| Caption: | **DECISION AND ORDER RE: MOTION FOR RELIEF FROM STAY OF PB FINANCING, LLC** |

## **INTRODUCTION**

This matter is before the Court on the Motion of PB Financing, LLC ("PB Financing") for stay relief. [ECF No. 37]. PB Financing wants this Court to allow its Motion to dismiss an Amended Complaint to proceed in a lawsuit filed by Daniel Risis (the "Debtor") in the New Jersey District Court. (Case # 2:23-cv-03429-ES-JRA). The Debtor's District Court lawsuit was filed in June 2023 and was pending when this bankruptcy case was filed. Generally, the lawsuit was brought by the Debtor against defendants PB Financing, Christopher Smith, Daniel Markus, Inc. d/b/a Perfect Pawn, Margarita Risis and Mark Risis[1] based on the Debtor's allegation that Margarita Risis (his mother) forged his name on a guaranty of a loan by PB Financing to Daniel Markus, Inc., an entity owned by Margarita Risis. In October 2021, a Colorado State Court entered judgment in favor of PB Financing against the Debtor, Margarita Risis, and Daniel Markus, Inc., jointly and severally. The Debtor claims that PB Financing should not be enforcing the judgment against him. The Amended Complaint seeks to invalidate the Colorado judgment held by PB Financing. Also, the Debtor seeks an award of $8 million in compensatory damages for lost wages together with punitive and/or other damages against all parties for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., civil rights violations pursuant to 42 U.S.C. § 1983, forgery, various theories of fraud and theft of property.[2]

---

[1] Debtor's Original Complaint named additional defendants that have been dismissed by the Court for lack of service, and they have not been named in Debtor's Amended Complaint, including, David Bogomolny, Oleg Niezvestny, Harris Palmer, Ali Soto, Don Skelton, Bryan Lustig, Jonathan Carnaval, Brett Galloway, Jesse Liebowitz, and Metalex.

[2] Trial by jury has been requested by the Debtor and Defendants, Margarita Risis, and Mark Risis.

Page 3
Debtor:        Daniel Risis
Case No.:      24-22714
Caption:       **DECISION AND ORDER RE: MOTION FOR RELIEF FROM STAY OF PB FINANCING,
               LLC**

PB Financing filed a Motion to dismiss the original Complaint in the District Court which
was granted by Order dated August 2, 2024. The Order dismissed the Complaint as to PB Financing
but gave the Debtor the right to file an Amended Complaint within 30 days. The Debtor filed a
timely Amended Complaint on August 22, 2024 and PB Financing filed a second Motion to dismiss
on September 5, 2024. PB Financing's motion to dismiss the Amended Complaint was pending
when the Debtor filed this bankruptcy case on December 30, 2024. At the Debtor's request, the
District Court administratively stayed the Debtor's lawsuit until the conclusion of the bankruptcy
proceedings.

PB Financing filed the Motion for stay relief that is now before the Court to permit the
District Court to consider its second Motion to dismiss. The Debtor did not file any written
opposition to the Motion for stay relief.  At the hearing on the Motion for stay relief on February
25, 2025, the Court gave the Debtor seven additional days to file a response as a courtesy since the
Debtor is *pro se*. On March 5, 2025, the Debtor filed a Motion for a three-week extension of his
time to respond and for admission of YouTube video evidence. [ECF 43]. Local Bankruptcy Rule
9013-2(a)(2) requires a response to a motion to be filed seven days prior to the hearing. The Court
permitted the Debtor an additional 14 days and there will be no further extension. Nevertheless,
the Court fully understands that Debtor's argument is that PB Financing's judgment and claim are
invalid because Margarita Risis forged his signature on the PB Financing loan guaranty.

## JURISDICTION AND ANALYSIS

Considering PB Financing's Motion for stay relief, the scope of a Bankruptcy Court's
jurisdiction is a good place to start. The Bankruptcy Court gets its jurisdiction from the District

Page 4
Debtor:        Daniel Risis
Case No.:      24-22714
Caption:       **DECISION AND ORDER RE: MOTION FOR RELIEF FROM STAY OF PB FINANCING,
               LLC**

Court which "refers" bankruptcy cases and other proceedings arising under bankruptcy law to the

Bankruptcy Court. Generally, the bankruptcy <u>case</u> involves the administration of a debtor's

liquidation or reorganization and oversight with respect to the treatment of creditors' claims. The

other proceedings arising under bankruptcy law are matters that are unique to bankruptcy law –

Title 11 of the United States Code. These bankruptcy law specific matters are known as "core"

proceedings and a Bankruptcy Court can enter final judgments and orders in these proceedings. 28

U.S.C. §§ 157(a) and (b). Matters that involve a bankrupt debtor but arise under non-bankruptcy

law are "non-core" proceedings. Though the Bankruptcy Court can hear these proceedings, it

cannot, without the parties' consent, enter a final judgment or order. Instead, the Bankruptcy Court

enters proposed findings of fact and conclusions of law, and the District Court would enter the

final judgment or order after de novo review. 28 U.S.C. § 157(c)(1). Finally, a Bankruptcy Court

cannot conduct a jury trial without all parties' consent. 28 U.S.C. § 157(e). In practice, these

limitations on the jurisdiction of a Bankruptcy Court are often overcome with consent of the parties

(where they are all comfortable with a non-jury trial before the Bankruptcy Court). Otherwise, any

party to litigation over a non-core matter or a matter involving a right to trial by jury can insist that

the District Court ultimately decide the case.

PB Financing's Motion for stay relief is a matter unique to bankruptcy law. 11 U.S.C. §

362(d)(1). This Court has "core" jurisdiction to decide the Motion under 28 U.S.C. § 157(b)(2)(G)

and the Standing Order of Reference from the United States District Court for the District of New

Jersey. *See D. N.J. Standing Order 12-1* (Sept. 18, 2012). But most, if not all, of the District Court

litigation is not subject to the automatic stay because the Debtor is the plaintiff – the automatic

stay applies to claims *against* the Debtor. *See Maritime Elec. Co., Inc., v. United Jersey Bank*, 959

F.2d 1194, 1204 (3d Cir. 1991); *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp*, 682 F.2d 446, 448 (3d Cir. 1982); *In re Porter*, 371 B.R. 739, 747 (Bankr. E.D. Pa. 2007). Arguably, the discreet issues between the Debtor and PB Financing in the District Court largely concern the enforcement of PB Financing's judgment against the Debtor. Judgement enforcement proceedings are generally subject to the automatic stay and the Bankruptcy Court has core jurisdiction to decide whether PB Financing's claim against the Debtor is valid. 28 U.S.C. §§ 157(b)(2)(B) and (K). Still, the Debtor was in an offensive posture against PB Financing in the District Court litigation – he was seeking to invalidate PB Financing's judgment against him and such relief would be to the benefit of the Debtor and his estate. The Debtor claims that PB Financing and its "agent," Christopher Smith, engaged in other fraudulent activities making them liable for damages. So, the claims against PB Financing (and Mr. Smith) in District Court are about more than the validity of the judgment. The claims for damages against these defendants would be non-core matters. In sum, the only core issue in the District Court litigation is whether PB Financing has a valid claim against the Debtor. This one core issue is intertwined with a number of non-core issues that have been raised by the Debtor in the District Court and will have to be decided by the District Court unless the parties consent to the Bankruptcy Court's jurisdiction.

Finally, the enforceability of PB Financing's judgment is important to the Debtor's bankruptcy case because PB Financing has asserted a secured claim of almost $2 million against the Debtor's estate, including his primary residence. PB Financing has yet to explain to this Court's satisfaction whether it has sought recovery of its claim from the primary borrower, Daniel Markus, Inc., or from Margarita Risis who also guaranteed the loan. The extent and validity of PB Financing's claim will be a major factor in determining whether the Debtor has a path to

Page 6
Debtor:      Daniel Risis
Case No.:    24-22714
Caption:     **DECISION AND ORDER RE: MOTION FOR RELIEF FROM STAY OF PB FINANCING,
             LLC**

reorganization in Chapter 11. This Court is willing to decide the issue promptly if the District Court

wants to refer it to the Bankruptcy Court. But this Court also knows that the District Court litigation

has been pending for almost two years, the District Court has already considered PB Financing's

first Motion to dismiss, and the second Motion to dismiss may be very close to being ready for a

decision. Resolution of the issue by the District Court may serve judicial economy and lead to a

more efficient resolution.

Since this Court gets its jurisdiction from the District Court, that Court should determine

what issues the Bankruptcy Court should decide, if any. Only the District Court has the authority

to "refer" the Debtor's pending District Court lawsuit to the Bankruptcy Court, in full or in part,

by entering an order transferring jurisdiction because the matters in controversy relate to the

Debtor's bankruptcy case. *See Curtis v. Shpak,* 571 B.R. 441, 448 (B.A.P. 9th Cir. 2017); *In re

Cornell & Co. v. Southeastern Penn. Trans. Auth.*, 203 B.R. 585, 586 (Bankr. E.D. Pa. 1997). At

this point, no part of the Debtor's District Court litigation has been referred to the Bankruptcy

Court. By a Text Order dated January 17, 2025, the District Court temporarily stayed the lawsuit

while the bankruptcy case was pending and requested an update from the Debtor by July 16, 2025.

Essentially, PB Financing is asking this Court for stay relief so that it can go back to the District

Court and ask it to reconsider its decision to stay the Motion to dismiss the Debtor's Amended

Complaint.

The Court will grant PB Financing's Motion for stay relief because the District Court

should decide in the first instance whether any part of the District Court litigation should be

referred to the Bankruptcy Court for determination.

Page 7
Debtor:          Daniel Risis
Case No.:        24-22714
Caption:         **DECISION AND ORDER RE: MOTION FOR RELIEF FROM STAY OF PB FINANCING,
                 LLC**

---

**THEREFORE, IT IS ORDERED:**

For the reasons outlined above, relief from the automatic stay is granted for cause pursuant to 11 U.S.C. §362(d)(1) to permit PB Financing to ask the District Court to render a decision on PB Financing's Motion to dismiss Debtor's Amended Complaint and/or to determine that all, or a part of, the District Court litigation should be referred to the Bankruptcy Court pursuant to 11 U.S.C. § 157(a).

PB Financing is directed to promptly report the decision of the District Court to this Court.