Order Filed on April 23, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In Re:

**DANIEL RISIS,**

                    Debtor.

Case No.:    24-22714

Chapter:    11

Judge:    John K. Sherwood

**DECISION AND ORDER RE: DEBTOR'S MOTION TO
RELEASE ESCROWED FUNDS AND COMPEL
<u>ACCOUNTING OF PROPERTY SALES</u>**

The relief on the following pages, numbered two (2) through eleven (11), is hereby ORDERED.

**DATED: April 23, 2025**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

| | |
|---|---|
| Debtor: | Daniel Risis |
| Case No.: | 24-22714 |
| Caption: | **DECISION AND ORDER RE: DEBTOR'S MOTION TO RELEASE ESCROWED FUNDS AND COMPEL ACCOUNTING OF PROPERTY SALES** |

## **INTRODUCTION**

On December 30, 2024, Daniel Risis ("Debtor") filed a *pro se* voluntary petition under Chapter 11 of the Bankruptcy Code. The petition states that Debtor's financial difficulties were the result of "being a victim of fraud." Debtor owns a home with his wife in Livingston, New Jersey that was in foreclosure when this case was filed. He has some personal property of value but virtually no liquid assets and no regular monthly income. The vast majority of the Debtor's assets consists of litigation claims which he values at over $100 million. Finally, the petition lists eighteen items of real estate, most of which the Debtor no longer owns – he claims that many of his real estate holdings were lost due to the fraud and/or criminal acts of others. [*See* ECF No. 1].

The Debtor previously filed an individual Chapter 7 case in this Court [23-11800-JKS][1], in which Donald V. Biase served as the Chapter 7 Trustee. The Chapter 7 case was a nightmare, featuring hostility between the Debtor, his creditors, and the Chapter 7 Trustee (and his professionals). Ultimately, two properties were sold over the Debtor's objection with the proceeds going to satisfy mortgages and administrative debt (in part). The Court dismissed the case and barred the Debtor from filing another *pro se* bankruptcy proceeding for a period of one year plus 180 days. The present case was filed a few days after the expiration of the Court's bar order.

---

[1] Prior to the filing of the Debtor's previous Chapter 7 petition, the Debtor also authorized the filing of three Chapter 11 bankruptcies for entities of which he was the sole member or shareholder. [*In re Yenta, LLC*, Bankruptcy Case No. 22-19607; *In re Dalex Development. Inc.*, Bankruptcy Case No. 21-17577; and *Market Street Holdings*, Bankruptcy Case No. 22-16840]. The Court granted stay relief in all three cases as to the real properties owned by the debtors on motions filed by the secured lenders in each case. [Bankruptcy Case No. 22-19607, ECF No. 27; Bankruptcy Case No. 21-17577, ECF No. 110; and Bankruptcy Case No. 22-16840, ECF No. 56].

| | |
|---|---|
| Page 3 | |
| Debtor: | Daniel Risis |
| Case No.: | 24-22714 |
| Caption: | **DECISION AND ORDER RE: DEBTOR'S MOTION TO RELEASE ESCROWED FUNDS AND COMPEL ACCOUNTING OF PROPERTY SALES** |

Based on the numerous filings by the Debtor thus far, it appears that his expectation is that this Court will revisit matters that were raised and disposed of in his prior Chapter 7 case. The Debtor also suggests that this Court should take over and re-litigate matters that are (or were) pending in other federal and state courts. The Debtor's "Motion to Release Escrowed Funds and Compel Accounting of Property Sales" [ECF No. 42] is a part of this effort. The relief sought includes:

> (A) an order staying all litigation related to the Debtor under 11 U.S.C. §362(a);
> (B) an accounting regarding properties sold in Debtor's Chapter 7 case [23-11800-JKS];
> (C) an order compelling the testimony of Donald V. Biase;
> (D) an accounting of the sheriff's sale proceeds for 1275 Route 23, Wayne, NJ in foreclosure Case No. SWC- F-0020235-20;
> (E) the release of all escrowed funds held by BUPM NJ ASSETS LLC (the successful bidder at the sheriff's sale of 1275 Route 23, Wayne, NJ);
> (F) an accounting of all assets liquidated and distributed within *Leff, et al. v. Daniel Risis* [ESX-C-48-22] in the Essex County Superior Court;
> (G) the release of any funds escrowed by Joseph Isabella, court appointed Provisional Manager, in Case No. ESX-C-48-22; and
> (H) an order compelling the testimony of Joseph Isabella.

In addition to the relief described above, the Debtor has incorporated by reference letters that he asks this Court to address. After considering the Debtor's written submissions and statements on the record, the Court will summarize and respond to the Debtor's claims.

## JURISDICTION AND CLAIM PRECLUSION

To the extent that the Debtor's Motion asks the Bankruptcy Court to intervene in state and federal legal proceedings, it is important to explain again the Bankruptcy Court's limited jurisdiction. The Bankruptcy Court has jurisdiction to oversee bankruptcy matters considered to be "core" proceedings, or those matters that arise under the United States Bankruptcy Code. *See* 28 U.S.C. § 157(b). In this District, bankruptcy cases are automatically assigned to the Bankruptcy Court pursuant to the Standing Order of Reference in the United States District Court for the

Case 24-22714-JKS    Doc 89    Filed 04/23/25    Entered 04/23/25 16:51:30    Desc Main
Document    Page 4 of 11

Page 4
Debtor:     Daniel Risis
Case No.:   24-22714
Caption:    **DECISION AND ORDER RE: DEBTOR'S MOTION TO RELEASE ESCROWED FUNDS AND COMPEL ACCOUNTING OF PROPERTY SALES**

District of New Jersey ("District Court"). *See* D.N.J. Standing Order 12-1 (Sept. 18, 2012). The Bankruptcy Court may enter final orders in "core" proceedings. 28 U.S.C. §§ 157(b)(2)(A)-(P). A Bankruptcy Court also has limited jurisdiction over certain "non-core" matters that relate to a Debtor's bankruptcy case. *See* 28 U.S.C. § 157(c). In a related "non-core" matter, the Bankruptcy Court can hear the matter but cannot enter a final order without consent of all parties. *Id*. In general, a bankruptcy court can administer the bankruptcy case before it and decide matters that involve interpretation of the Bankruptcy Code. But where civil claims involve the interpretation of state and federal (non-bankruptcy) law, the jurisdiction of the Bankruptcy Court is limited.

The Court does not serve as a court of appeals over decisions made by state courts or federal district courts. It must respect the decisions of other courts under various claim preclusion doctrines - the Entire Controversy Doctrine, *res judicata*, and the Rooker-Feldman Doctrine. The Entire Controversy Doctrine "requires that a person assert in one action all related claims against a particular adversary or be precluded from bringing a second action based on the omitted claims against that party." *In re Mullarkey*, 536 F.3d 215, 229 (3d Cir. 2011)(quoting *Melikian v. Corradetti,* 791 F.2d 274, 279 (3d Cir. 1986)). The doctrine of *res judicata* prohibits re-litigation of a claim when: (1) previous litigation resulted in a final judgment on the merits, (2) the subsequent litigation is between "the same parties or their privies," and (3) there is "a subsequent suit based on the same cause of action." *Hoffman v. Nordic Naturals, Inc.*, 837 F.3d 272, 279 (3d Cir. 2016) (quoting *In re Mullarkey*, 536 F.3d at 225). Finally, the Rooker-Feldman Doctrine

Case 24-22714-JKS    Doc 89    Filed 04/23/25    Entered 04/23/25 16:51:30    Desc Main
Document    Page 5 of 11

Page 5
Debtor: Daniel Risis
Case No.: 24-22714
Caption: **DECISION AND ORDER RE: DEBTOR'S MOTION TO RELEASE ESCROWED FUNDS AND COMPEL ACCOUNTING OF PROPERTY SALES**

prohibits federal courts from reviewing the validity of state court judgments. *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010).[2]

The Debtor's bankruptcy case does not provide him with another venue to relitigate matters that he lost in this Court or any other state or federal court.

## ANALYSIS

## APPLICABILITY OF THE AUTOMATIC STAY

The Motion seeks, "a signed order from this Court stating that as of my FIRST DAY of filing for bankruptcy a full stay should have been imposed in all my cases." [ECF No. 42, p. 3]. Matters relating to the automatic stay are "core" and this Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(G). Section 362(a), prohibits the "commencement or continuation . . . of a judicial, administrative, or other action or proceeding **against the debtor** . . . or to recover a claim **against the debtor** that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1) (emphasis added). The automatic stay of creditors does not stop litigation commenced by the Debtor as to other parties. *See Maritime Elec. Co., Inc., v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991); *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp*, 682 F.2d 446, 448 (3d Cir. 1982); *In re Porter*, 371 B.R. 739, 747 (Bankr. E.D. Pa. 2007).

Given that the automatic stay prevents actions to collect from the Debtor, he does not need a blanket order staying all litigation against him, this is automatic. In cases where the Debtor is the plaintiff, the automatic stay does not apply. Generally, debtors with valid claims against third

---

[2] The Rooker-Feldman doctrine precludes a federal court from exercising jurisdiction where, "(1) the federal plaintiff must have lost in state court; (2) the federal plaintiff's complaints are of injuries caused by the state court judgment; (3) the state court judgment was rendered prior to filing the federal suit; and (4) the plaintiff is asking the federal court to review and reject the state judgments." *Great W. Mining & Min. Co.*, 615 F.3d at 166.

| | |
|---|---|
| Page 6 | |
| Debtor: | Daniel Risis |
| Case No.: | 24-22714 |
| Caption: | **DECISION AND ORDER RE: DEBTOR'S MOTION TO RELEASE ESCROWED FUNDS AND COMPEL ACCOUNTING OF PROPERTY SALES** |

parties want their litigation claims to proceed to conclusion so that they can have access to their winnings. Here, if the Debtor prevails on his litigation claims, he will have access to the proceeds (which he apparently needs). If he does not prevail, it is better to know this sooner rather than later. Thus, the Court will not enter an order staying all litigation.

## **RELIEF AS TO THE CHAPTER 7 CASE AND DONALD V. BIASE**

In his Chapter 7 proceeding, the Debtor brought various claims against the Chapter 7 Trustee, Donald V. Biase, and his professionals. Specifically, Debtor filed a motion to replace Donald V. Biase [23-11800-JKS, ECF No. 406], a motion for permission to sue Donald V. Biase [23-11800-JKS, ECF No. 420], a motion to investigate wire fraud [23-11800-JKS, ECF No. 443] and a motion for contempt and sanctions [23-11800-JKS, ECF No. 474]. The Court considered these motions and denied each of them. [23-11800-JKS, ECF Nos. 413, 481, 466 and 487]. The Debtor also lodged objections to the fees charged by the Trustee and his professionals. [23-11800-JKS, ECF Nos. 401, 402]. The Court did reduce some of the fees sought by the Chapter 7 Trustee's attorneys. [23-11800-JKS, ECF No. 415]. Debtor moved for reconsideration of the professional fees awarded [23-11800-JKS, ECF No. 421] without success. This Court considered a host of allegations by the Debtor against Mr. Biase and his professionals. There is nothing in the Debtor's current Motion that the Court has not seen before, and the Court is not going to relitigate matters it has already decided.

The Debtor's Motion demands that Donald V. Biase be ordered to provide an accounting of the properties sold within the Chapter 7 case and that he provide testimony.[3] An accounting was

---

[3] There is no indication that Debtor's Motion was served upon Donald V. Biase. No responsive pleading was filed.

Case 24-22714-JKS    Doc 89    Filed 04/23/25    Entered 04/23/25 16:51:30    Desc Main
Document    Page 7 of 11

Page 7
Debtor:      Daniel Risis
Case No.:    24-22714
Caption:     **DECISION AND ORDER RE: DEBTOR'S MOTION TO RELEASE ESCROWED FUNDS AND COMPEL ACCOUNTING OF PROPERTY SALES**

already filed by Mr. Biase in the Chapter 7 case. [23-11800-JKS, ECF No. 409]. Professional fees and claims were paid from the Debtor's funds in accordance with orders of the Court, all of which are a matter of record. Because the information that Debtor demands is already available on the Chapter 7 bankruptcy docket, Debtor's request for an accounting is denied and no testimony is needed.

Prior to this bankruptcy case, the Debtor filed a lawsuit against Mr. Biase, his professionals (Richard Trenk, Anthony Sodono, and Brian Boms) and others in the District Court. [2:24-cv-07922-BRM-CLW]. Arguably, this District Court lawsuit by the Debtor was in violation of this Court's Order denying leave to sue under the *Barton* doctrine that protects Trustees from being sued for performance of their court-appointed duties.[4] [23-11800-JKS, ECF No. 481]. The grounds for that lawsuit are described in Debtor's Complaint as fraud, fraudulent bankruptcy proceedings, constitutional violations, negligence and breach of fiduciary duties, tortious interference, illegal seizure and liquidation of assets, violation of the Whistleblower Protection Act, as well as violation of several state statutes including, N.J.S.A. § 2A:39-1 (illegal eviction), N.J.S.A. § 2A:44-148 (negligence in property management), N.J.S.A. § 2C:21-10 (conflict of interest and self-dealing), N.J.S.A. § 2C:29-1 (obstruction of justice). The Trustee and his professionals filed motions to dismiss that were pending in the District Court when the Debtor commenced this bankruptcy case. As set forth above, this District Court lawsuit is not stayed because the Debtor is the Plaintiff. If the District Court denies the motions to dismiss, the Debtor may have an opportunity in that case to take discovery against Mr. Biase and his professionals.

---

[4] The *Barton* Doctrine requires leave of Court to sue a Trustee for acts done in the Trustee's official capacity. *In re VistaCare Group, LLC*, 678 F.3d 218, 232-235 (3d Cir. 2012).

Page 8
Debtor: Daniel Risis
Case No.: 24-22714
Caption: **DECISION AND ORDER RE: DEBTOR'S MOTION TO RELEASE ESCROWED FUNDS AND COMPEL ACCOUNTING OF PROPERTY SALES**

For the foregoing reasons, all relief requested as to Donald V. Biase and matters addressed in the Debtor's Chapter 7 case is denied.

### **RELIEF AS TO 1275 ROUTE 23, WAYNE NJ AND BUPM NJ ASSETS LLC**

The real property known as 1275 Route 23, Wayne, New Jersey, was the main asset in the Chapter 11 case of Dalex Development, Inc., a corporation owned by the Debtor. [Case No. 21-17577]. In that Chapter 11 case, Dalex Development was unable to present a confirmable plan to the Court after more than nine months. Thus, this Court dismissed the case and granted stay relief to the mortgage holder, Spencer Savings Bank, successor to Mariner's Bank. [Case No. 21-17577, ECF Nos. 110 and 113]. Mariner's Bank obtained a foreclosure judgment against Dalex Development dated July 17, 2020 [ECF No. 50-3], which was assigned to Crows Pasture, LLC on November 2, 2022 [ECF No. 50-4], and assigned again to BUPM NJ ASSETS LLC on March 13, 2023 [ECF No. 50-5]. Dalex Development's property was sold on August 22, 2023 by the Sheriff of Passaic County to BUPM NJ ASSETS LLC for a credit bid plus the sum of $100.

The Debtor's Motion demands an accounting of the sale proceeds from that transaction. The details of the foreclosure sale are set forth in the Writ from the Passaic County Sheriff that was docketed in the foreclosure action on September 19, 2023. [SWC-F-002035-20]. The Debtor's request for an accounting of the sale proceeds seems to be covered by information on the Passaic County Superior Court docket. This Court does not see the need for the Debtor to get more information and if he does believe there is a need for more information, he can seek it from the state court.

The Debtor's Motion also demands a release by BUPM NJ ASSETS LLC of over $4 million escrowed funds. The response filed by BUPM NJ ASSETS LLC states that it never held

Case 24-22714-JKS    Doc 89    Filed 04/23/25    Entered 04/23/25 16:51:30    Desc Main
Document    Page 9 of 11

Page 9
Debtor: Daniel Risis
Case No.: 24-22714
Caption: **DECISION AND ORDER RE: DEBTOR'S MOTION TO RELEASE ESCROWED FUNDS AND COMPEL ACCOUNTING OF PROPERTY SALES**

$4 million of escrowed funds relating to the Debtor. [ECF No. 53, pg. 2]. BUPM NJ ASSETS LLC acknowledges that it owns the Dalex property due to its credit bid at the foreclosure sale. Based on a review of the record, the Court does not see how BUPM NJ ASSETS LLC would have ever come into possession of $4 million of the Debtor's funds, so it will not order an accounting or turnover.

### RELIEF AS TO JOSEPH ISABELLA AND CASE NO. ESX-C-48-22

Debtor's former business partner, Matthew Leff[5], sued him in the Essex County Superior Court on behalf of himself and several businesses that they held in common. [ESX-C-48-22]. The lawsuit resulted in an Order and Final Judgment dated July 12, 2024, in favor of Matthew Leff, et al., against the Debtor in the amount of $1,048,849. The Order directs Joseph Isabella, J.S.C. (Ret.) as "Provisional Manager" to pay Leff $360,439.84 within seven days and describes that sum as, "the balance of the funds of the Companies in the Provisional Manager's Attorney Trust Account." The Order also directs another attorney (Brian Tipton, Esq.) to pay to Mr. Leff, "the balance of funds in his escrow account after the Provisional Manager is paid in full, to be credited as partial satisfaction of Mr. Leff's judgment." The Essex County Superior Court's judgment suggests that there are no escrowed funds left to investigate, and that the Debtor would have no legal interest in any such funds if they did exist.

The Debtor certainly knows that this judgment was entered against him and is unhappy with the results of the litigation filed by Mr. Leff over their various businesses which was before the state court for years. This Court will not revisit issues that were decided by the state court. If

---

[5] Matthew Leff is not listed as a creditor in this bankruptcy proceeding and has not received service of the Debtor's Motion and incorporated letters.

Case 24-22714-JKS    Doc 89    Filed 04/23/25    Entered 04/23/25 16:51:30    Desc Main
Document    Page 10 of 11

Page 10
Debtor:      Daniel Risis
Case No.:    24-22714
Caption:     **DECISION AND ORDER RE: DEBTOR'S MOTION TO RELEASE ESCROWED FUNDS AND COMPEL ACCOUNTING OF PROPERTY SALES**

the Debtor thought that the judgment was wrong, he had the right to appeal to the New Jersey Appellate Division. If he thinks the judgment was procured by fraud, he can move to vacate it in state court. If he has any issues with how the Provisional Director handled funds in his control, the Debtor can seek relief from the state court that appointed the Provisional Director. A bankruptcy court is not authorized to disregard and unwind previous decisions of a state court just because they are adverse to the debtor. Thus, all the relief requested in the Motion concerning Judge Isabella and the Essex County Superior Court litigation is denied.

### DEBTOR'S LETTERS REQUESTING TESTIMONY BE COMPELLED FROM OUTSIDE PARTIES OR TO INVESTIGATE OR IMPACT OUTSIDE PROCEEDINGS

The Debtor has incorporated by reference various letters that he demands to be considered along with Debtor's Motion. [ECF No. 42, p. 13-78]. These letters are not properly before the Court and many of the issues raised by them have been addressed above. Because the Debtor is *pro se,* the Court will address some of the letters' allegations in summary fashion below.

1. As set forth above, the Court will not revisit matters from the Debtor's Chapter 7 case including allegations concerning Mr. Biase, his professionals, the sale of the West Orange property, and the sale of the Washington Street, Newark property. After consideration of the Debtor's arguments, the Court approved both property sales and denied any relief based on the allegations against the Chapter 7 Trustee and his professionals (except fee reduction).

2. 340 Fleming Drive, Phillipsburg, New Jersey was a property that was owned by Yenta LLC (owned by the Debtor) which filed a Chapter 11 case in Trenton, New Jersey. [Case No. 22-19607]. Yenta's assets were under the protection of the Trenton Bankruptcy Court for five months until the case was dismissed on April 5, 2023

| | |
|---|---|
| Page 11 | |
| Debtor: | Daniel Risis |
| Case No.: | 24-22714 |
| Caption: | **DECISION AND ORDER RE: DEBTOR'S MOTION TO RELEASE ESCROWED FUNDS AND COMPEL ACCOUNTING OF PROPERTY SALES** |

because the debtor did not file a Chapter 11 plan. The loss of the real estate to foreclosure and of any inventory at the property would have occurred under state law and the Court sees no reason to disregard what occurred in state court following dismissal of the Yenta bankruptcy case.

3. The Debtor disagrees with decisions rendered in the District Court by Judge Esther Salas. He claims that Judge Salas should be recused from his case due to alleged (but unsupported) conflicts of interest relating to former Senator Bob Menendez. The Debtor has raised this issue with Judge Salas in the District Court case that is pending before her. [2:23-cv-03429-ES-JRA, Doc. No. 91].

4. The Debtor demands the immediate release of $500,000 from his estate for legal expenses. The Debtor does not say where this money should come from or why. As set forth above, it does not appear that the Debtor has a claim against funds (if any) held by BUPM NJ ASSETS LLC or funds being dealt with in the Essex County Superior Court matter with Mr. Leff. The rest of the Debtor's assets are his primary residence in Livingston, New Jersey, personal property, and various litigation claims. The Court does not see how it is possible to grant this relief.

**THEREFORE, IT IS ORDERED** that the Debtor's Motion to Release Escrowed Funds and Compel Accounting of Property Sales is denied for the reasons set forth herein.