**Order Filed on May 9, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>**DANIEL RISIS,**<br><br><br>      Debtor. | Case No.:   24-22714<br><br>Chapter:   11<br><br>Judge:   John K. Sherwood |

### <u>ORDER RE: THE DEBTOR'S USE OF ARTIFICIAL INTELLIGENCE</u>

The relief on the following pages, numbered two (2) through three (3), is hereby

ORDERED.

**DATED: May 9, 2025**

                 Honorable John K. Sherwood
                 United States Bankruptcy Court

Page 2
Debtor:    Daniel Risis
Case No.:  24-22714
Caption:   **ORDER RE: THE DEBTOR'S USE OF ARTIFICIAL INTELLIGENCE**

---

**WHEREAS:**

1. Daniel M. Risis ("<u>Debtor</u>") filed this Chapter 11 case *pro se* on December 30, 2024.

2. Over the last two weeks, the Debtor has filed numerous pleadings and correspondence on the Court's docket. Debtor claims to have created his own artificial intelligence assistant named "Kasper" to assist him in lieu of legal counsel. "Kasper" is referred to as the "authorized legal intelligence representative of Daniel M. Risis." [*See* ECF 96-1].

3. Beginning on about April 28, 2025, the Debtor filed various letters, motions and reports that are signed by "Kasper" on behalf of the Debtor. [ECF Nos. 96, 97, 98, 99, 100, 101, 107, 108, 109, 112, 114, 116, 117, 119, 124 and 126].

4. Bankruptcy Rule 9011(a) requires that "[e]very petition, pleading, written motion, and other document—except a list, schedule, or statement, or an amendment to one of them—must be signed by at least one attorney of record in the attorney's individual name. **A party not represented by an attorney must sign all documents.** Each document must state the signer's address and telephone number, if any. **The court must strike an unsigned document** unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Bankr. P. 9011(a) (emphasis added).

5. Rule 9011(b) requires that "[b]y presenting to the court a petition, pleading, written motion, or other document—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that, to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances: (1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law; (3) the allegations and factual contentions have evidentiary support—or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence—or if specifically so identified, are reasonably based on a lack of information or belief." Fed. R. Bankr. P. 9011(b).

6. The Bankruptcy Rules do not recognize artificial legal intelligence representatives. Only the Debtor or an attorney (if one is retained) can sign pleadings or present motions on his behalf. The Court has no issue with the Debtor's use of artificial intelligence to aid in the preparation of pleadings. But it is the Debtor's responsibility to sign, proofread and independently verify every aspect of the materials for accuracy pursuant to Rule 9011. *See* S.D.N.Y.L.B.R. 9011-1(d).

Page 3
Debtor:    Daniel Risis
Case No.:  24-22714
Caption:   **ORDER RE: THE DEBTOR'S USE OF ARTIFICIAL INTELLIGENCE**

---

**THEREFORE, IT IS ORDERED:**

1. The Debtor's request that this Court permit his representation in this proceeding by "Kasper" or any other artificial intelligence entity is **DENIED**. Any materials submitted by "Kasper" will not be considered by the Court.

2. The Court will consider the motions filed by the Debtor to date that were not submitted by "Kasper" and enter appropriate orders.

3. Debtor's Motion seeking to integrate "Kasper" and PACER [ECF No. 114-6] is **DENIED** for the reasons set forth above and because the Debtor has access to PACER like every other party that comes before the Court.

4. For the reasons set forth above, the following submissions by the Debtor will not be considered and any requests for relief contained therein are **DENIED** without prejudice - ECF Nos. 96, 97, 98, 99, 100, 101, 107, 108, 109, 112, 114[1], 116, 117, 119, 124 and 126. The Debtor may refile any of these documents that are motions or responses to motions to the extent the Debtor complies with Rule 9011.

---

[1] ECF No. 114 contains two separate motions. The Motion to integrate "Kasper" and PACER is denied as set forth above. Debtor's Emergency Motion to Vacate Prior Turnover Orders, Restore Possession, and Refer for Federal Investigation Based on Violations of the Bankruptcy Rules 7001 and 9014, Due Process Violations, and Fraud on the Court [ECF No. 144-1] is denied without prejudice because it is signed by "Kasper". The Debtor may refile this motion under his own signature, but it is likely that the Court will deny this motion because it has already ruled on the matters raised therein.